UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Case No. 0:26-cr-00007- GFVT

UNITED STATES OF AMERICA                                    PLAINTIFF


v.

JEREMY T. BRYSON,                                          DEFENDANT


# DEFENDANT'S SENTENCING MEMORANDUM


COMES the Defendant, by counsel, and respectfully submits this Sentencing Memorandum and requests that this Court impose a sentence sufficient, but not greater than necessary, to satisfy the purposes of sentencing under 18 U.S.C. § 3553(a).


**INTRODUCTION**


This case involves allegations surrounding the operation of a medical clinic and the prescribing practices of licensed providers. The Government is taking prescription data and turning that into drug quantities not tied to proof..

The Defendant respectfully submits that the advisory guideline range substantially overstates both the seriousness of the conduct and the Defendant's culpability.

This is not a case involving street-level trafficking, , violence, or direct sale of narcotics by the Defendant. The evidence established that the clinic employed

licensed medical professionals who exercised independent medical judgment in treating patients suffering from chronic pain and other medical conditions.

The Defendant respectfully asks the Court to impose a downward variance based upon the nature of the offense, the Defendant's history and characteristics, the unreliability of the Government's quantity calculations, and the need to avoid unwarranted sentencing disparities. It is noted here that an equally culpable co-defendant received a sentence of one year and a day. The nature of his cooperation leaves questions as to whether or not it was substantial.

## THE GUIDELINE CALCULATIONS SUBSTANTIALLY OVERSTATE CULPABILITY

The advisory guideline range in this matter is driven by unreliable pill counts and assumptions that large numbers of prescriptions were necessarily unlawful. This overstates the Defendant's actual conduct.

The Government's calculations improperly combined lawful and allegedly unlawful prescriptions together, assume illegality without individualized review and attributes most prescribing to this Defendant.

The evidence at trial demonstrated that licensed providers saw actual patients, who presented with documented complaints, medical records existed, and many treatment decisions involved medical judgment, not obvious criminal conduct.

The Court should therefore treat the Government's proposed drug quantity calculations with caution.

The advisory guidelines often fail to adequately distinguish between sophisticated organized drug trafficking organizations and defendants associated with medically regulated environments involving licensed practitioners and disputed medical judgments.

The Court should consider the fundamentally different nature of this case when considering an appropriate sentence.

The   guideline calculation substantially overstates the defendant's culpability and relevant conduct.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The Court must consider the Defendant as a whole person and not merely as a guideline calculation.

The Defendant has significant family ties, community support, employment history, and a history of productive contributions outside the conduct alleged in this matter.

The Defendant paid his way through college and pharmacy school, has three minor children and is well thought of both professionally and personally.

The Defendant's conduct arose from involvement in a medically regulated environment where standards, practices, and regulatory expectations were often disputed and evolving and confusing.

The Defendant respectfully submits that a lengthy sentence would be greater than necessary to accomplish the purposes of sentencing.

## A VARIANCE IS WARRANTED UNDER 18 U.S.C. § 3553(a)

A downward variance is appropriate because the guideline calculations substantially overstate culpability, the drug quantity findings are unreliable, the Defendant was not a traditional narcotics trafficker, the offense involved licensed medical providers, the Defendant presents a low risk of future dangerousness, and a lengthy sentence is unnecessary to protect the public.

The Court must impose a sentence sufficient, but not greater than necessary.

In this case, a guideline sentence driven by speculative pill counts and mixed prescribing would exceed what is necessary to accomplish the goals of sentencing.

**CONCLUSION**

For the foregoing reasons, the Defendant respectfully requests that this Co

1. Sustain the Defendant's objections to the proposed drug quantity calculations;
2. Grant a downward variance;
3. Impose a sentence below the advisory guideline range; and
4. Grant all other relief to which the Defendant may appear entitled.

Respectfully submitted,

*/s/ Steve Owens*_____

HON STEPHEN OWENS
ATTORNEY AT LAW
P.O. Box 1426
Pikeville, Kentucky 41502
(606) 369-3429